UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE SMOLINSKI and
CHRISTOPHER STANLEY,                                    Case No. 16-cv-13612

                Plaintiffs,                      Paul D. Borman
v.                                                      United States District Judge

RUBEN & MICHELLE ENTERPRISES
INC. and RUBEN BARGAS,

                Defendants.
_____/

## OPINION AND ORDER DENYING JOINT MOTION
## TO FILE SETTLEMENT AGREEMENT UNDER SEAL (ECF NO. 7)

Plaintiffs filed this putative collective action on October 10, 2016, claiming that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them time and a half for overtime work. The parties now inform the Court that they have reached a settlement of the Plaintiffs' claims and seek permission to file the settlement agreement under seal and to keep the terms of the settlement confidential. ECF No. 7, Joint Motion to File Settlement Agreement Under Seal. The Court has determined that oral argument is not necessary to assist the Court in resolving the motion. *See* E.D. Mich. L.R. 7.1(f). For the reasons that follow, the Court DENIES the motion.

The settlement of Plaintiff's FLSA claims in this action, as the parties acknowledge in their motion, requires court approval to ensure protection of an employee's fundamental right to a fair wage. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026

(W.D. Tenn. 2016) (noting that the Sixth Circuit has not definitively ruled on the issue but agreeing with those circuits that have required court approval, and concluding that "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers . . . FLSA settlements require approval either by the Department of Labor or a court"); *Williams v. Alimar Security, Inc.*, No. 13-cv-12732, 2016 WL 6405798, at *2 (E.D. Mich. Oct. 31, 2016) ("Whether or not a lawsuit proceeds as a collective action, most courts agree that "'employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.'") (Citing *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (*Snook II*) (quoting *Gentrup v. Renovo Servs*., LLC, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio Jun 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Snook*, 2015 WL 144400, at *1 ("'As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.'") (citing *Gentrup*, 2011 WL 2532922, at *2 (citing *Lynn's*, 679 F.2d at 1352–53). "'The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness.'" *Snook*,  2015 WL 144400, at *1 (citing *Gentrup*, 2011 WL 2532922, at *2).[1]

---

[1]  The parties do not seek in the motion presently before the Court substantive approval of the underlying settlement and indeed provide the Court with no information regarding the terms of the

While in most cases "a settlement agreement is not a public document," courts have recognized that "FLSA cases are different." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011). Court approval of a FLSA settlement agreement is viewed as a "judicial act" that subjects the agreement to the same presumption of public access as any "judicial document." *Joo*, 763 F. Supp. 2d at 644 (observing that "[a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of public access applies") (alteration in original) (internal quotation marks and citation omitted). "[T]hose courts that have expressly considered the question have held overwhelmingly, if not unanimously, that the presumption of public access applies to FLSA settlements." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 3d 332, 340 (S.D.N.Y. 2012) (alteration added).

The Sixth Circuit has recently emphasized the heavy burden that must be met by a litigant in any judicial proceeding seeking to overcome the presumption of public access to court documents: "The burden is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citations omitted). Specifically, in scrutinizing FLSA settlements, courts have either *per se* prohibited confidentiality provisions that would shield the terms of the settlement from public view or at the very least examined closely the purported justification for such a provision on a case

settlement and hence no basis on which the Court could make a determination as to whether the proposed settlement is fair and reasonable, even apart from the confidentiality provision.

by case basis.  *See, e.g. Staffmark*, 172 F. Supp. 3d at 1031 (observing that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights" and denying parties' joint motion for approval of settlement containing a confidentiality provision);  *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014) (*Snook I*) (noting that some courts have held that confidentiality provisions "*per se* contravene the FLSA's objective of transparency," while others "scrutinize[] confidentiality agreements" to determine whether there is sufficient justification to overcome "the strong presumption of public access that attaches to such judicial documents").

"If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Williams*, 2016 WL 6405798, at *3 (rejecting a proposed FLSA settlement agreement that contained a confidentiality provision) (internal quotation marks and citations omitted) (alteration in original).  Any party seeking to seal a FLSA settlement agreement "bears the burden of overcoming the strong presumption in favor of access by articulating compelling reasons supported by specific factual findings." *Duran v. Hershey Co.*, No. 14-cv-01184, 2015 WL 4945931, at *2 (N.D. Cal. Aug. 10, 2015) (internal quotation marks and citation omitted).

The sole basis proffered by the parties in their joint request to seal the settlement

4

agreement is that "the bargained-for confidentiality of the agreement would be defeated if the Parties were required to publicly file their settlement for approval." ECF No. 7, Jt. Br. at 10. Courts have routinely rejected the argument that sealing is justified because "[c]onfidentiality is an essential component of the agreement." *Joo*, 763 F. Supp. 2d at 648 (internal quotation marks and citation omitted) (alteration in original). *See also Snook I*, 2014 WL 7369904, at *3 ("[C]ourts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access.") (Citing *Joo*, 763 F. Supp. 2d at 648); *Bouzzi v. F&J Pine Restaurant, LLC*, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) ("[C]ourts in this circuit, having encountered the oft repeated argument that confidentiality is a material term of settlement as a justification for sealing an FLSA, have 'roundly rejected it.'") (citing *Joo*, 763 F. Supp. 2d at 648); *Duran*, 2015 WL 4945931, at *2 (rejecting the argument that "sealing is warranted because the settlement contains 'heavily negotiated' confidentiality provisions"); *Green v. Hepaco, LLC*, No. 13-cv-02496, 2014 WL 2624900, at *4 (W.D. Tenn. June 12, 2014) ("[C]ourts have roundly rejected the argument that confidentiality provisions are essential and material components of FLSA settlement agreements without which there would be no incentive to settle costly litigation.") (collecting cases) (internal quotation marks and citation omitted). The reason for this policy of public access to FLSA settlements derives from the legislative intent of the FLSA:

> [T]he legislative intent of the FLSA is to encourage employers to enter into wage settlements; however, confidentiality is not the means by which the FLSA encourages settlements. To the contrary, confidentiality contravenes the

> legislative intent of the FLSA. Rather than rely on confidentiality, Congress'
> intent was to encourage FLSA settlements with the waiver provision found in
> 29 U.S.C. § 216(c), which grants an enforceable release to employers from any
> right an employee may have to unpaid overtime compensation, and liquidated
> damages, when an FLSA settlement agreement is approved.

*Bouzzi*, 841 F. Supp. 2d at 640. "The presumption of public access to settlements of FLSA

actions is particularly strong. . . . Absent an extraordinary reason, the court cannot seal such

records." *Tran v. Thai,* No. 08-cv-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009).

In support of their request to seal, the parties cite one FLSA case from this district,

*Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186 (E.D. Mich. July 31,

2015), in which it appears that the court did permit a FLSA settlement agreement to be filed

under seal. However, there was no discussion in that case regarding the issue of

confidentiality and no evidence that the issue was even raised. Indeed it appears that the

joint motion to seal in that case, which contained no discussion of the relevant and widely

acknowledged precedent emphatically rejecting such sealing, was approved by the Court in

a text-only Order. Given the absence of any analysis supporting the order to seal in *Lakosky*,

this Court finds that decision inapt and unpersuasive. *See Bouzzi*, 841 F. Supp. 2d at 638

("District courts in this circuit, as well as in others, have declined to follow cases that granted

requests to seal FLSA settlement but failed to provide reasons or authority for so doing.");

*Duran*, 2015 WL 4945931, at *2 ("While some district courts have indeed permitted FLSA

settlement agreements to be filed under seal, those decisions are generally threadbare and

uniformly fail to acknowledge the considerable body of law counseling against sealing.").

The great weight of authority, as discussed above, holds that sealing a FLSA

settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents. *Armenta v. Dirty Bird Grp., LLC*, No. 13-cv-4603, 2014 WL 3344287, at *3 (S.D.N.Y. June 27, 2014) (finding the parties' attempt to "settle with judicial approval so long as the public is kept in the dark as to certain facts . . . [to be] contrary to public policy and the law") (alteration added).

Plaintiffs' counsel in this case, whose firm also served as counsel for the plaintiffs in *Williams*, *supra*, should have been well aware of this persuasive line of authority rejecting confidentiality provisions in FLSA settlement agreements, which was followed by Judge Parker in *Williams* and has been followed by the great majority courts that have considered the sealing issue.  The parties in this case first attempted to present their "confidential settlement" to the Court via email correspondence and, when directed to file a formal motion if they wished the Court to take action, the parties filed the instant joint motion to seal, which contains no discussion whatever of this robust line of authority.

Accordingly, the Court DENIES the joint request to seal the settlement agreement. The parties may renegotiate a settlement agreement that does not requiring sealing and may present it to the Court through a formal joint motion for approval, setting forth specific reasons demonstrating that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," on or before April 3, 2017.  Otherwise a Scheduling Order

will issue and this case will proceed forward.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 3, 2017


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2017.

s/Deborah Tofil
Case Manager

8