UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE SMOLINSKI and
CHRISTOPHER STANLEY,

Case No. 16-cv-13612

Plaintiffs,

Paul D. Borman
United States District Judge

v.

RUBEN & MICHELLE ENTERPRISES
INC. and RUBEN BARGAS,

Defendants.
_____/

OPINION AND ORDER GRANTING JOINT MOTION
TO APPROVE SETTLEMENT (ECF NO. 9)

Before the Court is the parties' Joint Motion to Approve Settlement. (ECF No. 9.) Plaintiffs have filed supplemental briefing regarding the reasonableness of their counsel's proposed attorney fee award. (ECF No. 11.) The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2). For the reasons that follow, the Court GRANTS the motion.

I.      BACKGROUND

Plaintiffs Stephanie Smolinksi and Christopher Stanley filed this action on October 10, 2016, claiming that Defendants violated the Fair Labor Standards Act ("FLSA"), 29

1

U.S.C. § 201 *et seq.*, by failing to pay them time and a half for overtime work. (ECF No. 1, Complaint.) The Complaint alleges that Defendants employed Plaintiff Smolinski as a Quality Control Liaison inspecting vehicle seats from approximately September 10, 2014 until approximately August 1, 2016. (Compl. ¶ 12.) The Complaint alleges that Defendants employed Plaintiff Stanley as a Quality Control Liaison from approximately January 2016 until April, 2016. (Compl. ¶ 13.) Plaintiffs claim that they were wrongly classified as independent contractors and were never paid time and a half for hours that they worked in excess of 40 hours per week. (Compl. ¶¶ 33-34.) Plaintiffs' Complaint sought damages in the amount of $52,640.00, comprising $25,270.00 in unpaid overtime compensation and $25,270.00 in liquidated damages, plus costs and reasonable attorneys' fees.

The parties have agreed to an early resolution of this matter and have filed a joint motion seeking the Court's approval of their Settlement Agreement. (ECF No. 9, Joint Motion to Approve Settlement.) On February 27, 2017, the parties sought to have their Settlement Agreement filed under seal. (ECF No. 7, Joint Motion to File Settlement Agreement Under Seal.) On March 3, 2017, this Court entered an Order denying the request to file the Settlement Agreement under seal, noting the strong presumption in favor of allowing public access to FLSA settlement agreements. (ECF No. 8, Opinion and Order Denying Motion to File Settlement Agreement Under Seal.) The parties then agreed to remove the confidentiality provision, and have filed

a motion seeking approval of their Settlement Agreement, which is attached to their Joint Motion as Exhibit 1.

## II. LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* Thus, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over

3

issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (alterations added).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F. Supp. 3d at 335.

In determining whether a proposed settlement is fair and reasonable, the court considers several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). *See also Williams v. Alimar Security, Inc.*, No. 13-cv-12732, 2017 WL 427727, at *2-

4

3 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). "Where a proposed settlement of FLSA claims includes the payment of attorneys' fees, the must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336.

## III. ANALYSIS

In this case, there was a *bona fide* FLSA dispute, with Plaintiffs claiming that Defendants misclassified them as independent contractors, when Plaintiffs were in fact employees, and failed to pay them time and a half for all of the hours they worked in excess of 40 hours per week. Plaintiffs alleged that Defendants owed them, collectively, approximately $26,000 in unpaid overtime compensation. Defendants deny liability and have asserted numerous defenses that they were prepared to present through motion practice and, if necessary, a full trial. The Court finds that the Plaintiffs' claims were the subject of a good faith dispute.

The total settlement amount is $22,500.00, out of which Plaintiffs' counsel is to recover $7,500.00 (1/3 of the total settlement amount and slightly less than the $8,027.50 in attorney and paralegal fees incurred to date), plus costs in the amount

5

of $400.00. (ECF No. 9, Mot. Ex. 1, Settlement Agreement and General Release of Claims ¶ 1, PgID 58; ECF No. 11, Brief in Support of Attorneys' Fees in Settlement Agreement at 2, PgID 72, Ex. 2 Cost Records, PgID 83.) The settlement amount thus bears a reasonable relationship to the amount of actual unpaid wages of approximately $26,000.00 that Plaintiffs have claimed. Plaintiff Stanley is receiving an amount that equates to his requested overtime compensation and Plaintiff Smolinski is receiving approximately two-thirds of her requested overtime compensation. The Plaintiffs will receive approximately $14,600.00, nearly twice the amount that their attorneys will recover. *See Williams*, 2016 WL 319596, at *2 (noting that courts in this district have approved FLSA settlements where the attorneys' fees were "slightly greater" than the plaintiff's recovery).

The Court finds that the settlement appears fair and reasonable, particularly given the additional attorneys' fees and costs that would be incurred, as well as the uncertainty of a favorable result, if this case were to proceed through discovery, dispositive motions and potentially on to trial. The case settled early, before the Court had conducted a scheduling conference and before protracted discovery occurred. And it appears that the only cost incurred by Plaintiffs' counsel was payment of the $400.00 filing fee. (ECF No. 11, Br. Re: Attorneys' Fees, Ex. 2, Cost Records, PgID 83).

From a review of the Plaintiffs' attorneys' time sheets submitted in response to the Court's March 23, 2017 Order requiring submission of detailed attorney time records, it appears that counsel worked steadily on the matter from August, 2014, until early January, 2017, when settlement discussions began. (*Id.* Ex. 1, Attorney Time Records.) Thus, within three months of filing the Complaint, Plaintiffs' counsel was able to negotiate a settlement. Additionally, the Plaintiffs executed a "Representation/Fee Agreement," which disclosed the 33.33% contingent fee that counsel would receive if the case settled before discovery commenced, which it did. (*Id.* Ex. 3, Representation/Fee Agreement.) Thus, when Plaintiffs accepted the Defendants' settlement offer, they did so with full knowledge that counsel would receive 1/3 of that settlement amount.

Plaintiffs were represented by experienced employment law counsel in this matter who expended a reasonable amount of attorney resources in a short period of time and were able to achieve an early and reasonable settlement of the Plaintiffs' FLSA claims. Given the uncertainties inherent in further litigation and a trial of this matter, the Court concludes that the Settlement Agreement represents a fair and reasonable resolution of Plaintiffs' *bona fide* FLSA dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Joint Motion for Approval

of Settlement Agreement and enters this day a Stipulated Order of Dismissal of this action WITH PREJUDICE.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: APR 27 2017